UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS MONAGHAN, and
DOMINO'S FARMS CORP.,

                                                                                                  Case No. 12-15488

      Plaintiffs,                                                                   Hon. Lawrence P. Zatkoff

v.

KATHLEEN SEBELIUS, *et al*,

      Defendants.
_____/

## OPINION AND ORDER

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 26, 2013.

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

This matter is before the Court on Defendants' Motion to Stay Proceedings [dkt 43], which seeks to stay this case pending the Sixth Circuit Court of Appeals' decision in two related cases— *Autocam Corporation v. Sebelius*, No. 12-2673, and *Weingartz Supply Company v. Sebelius*, No. 13-1093. The parties have fully briefed the motion. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(f)(2), it is hereby ORDERED that the Motion be resolved on the briefs submitted, without oral argument. For the following reasons, Defendants' Motion is GRANTED.

### I. LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S. Ct. 163, 81 L. Ed. 153 (1936).  A court considering a motion to stay should weigh the following factors: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration." *Michael v. Ghee*, 325 F.Supp.2d 829, 831 (2004) (citing *Landis*, 299 U.S. at 255).

## II. ANALYSIS

Defendants argue that the Court should stay the proceedings here pending the Sixth Circuit's decision in *Autocam Corporation v. Sebelius*, No. 12-2673 (6th Cir.), or *Weingartz Supply Company v. Sebelius*, No. 13-1093 (6th Cir.), whichever occurs first.  *Weingartz* and *Autocam* reached differing results on the preliminary injunction issue, with the Eastern District of Michigan granting an injunction in *Weingartz*, and the Western District of Michigan denying the injunction in *Autocam*.

Plaintiffs argue that *Autocam* is not controlling because the Court previously found the facts in that case distinguishable from those in this case.  Plaintiffs also argue that if the Sixth Circuit decides *Weingartz* before *Autocam*, that decision will do nothing to negate the unique factual circumstances of this case.  Although these potential differences may give rise to different resolutions on the merits in *Weingartz* and *Autocam*, the factual circumstances and central legal issues in both cases are substantially similar to those in this case.  The cases involve similar issues—namely plaintiffs from for-profit, secular corporations challenging the validity and constitutionality of the Preventive Services Mandate of the Affordable Care Act.  In each case, the plaintiff represents a for-profit, secular company seeking not to comply on the grounds that to do otherwise would burden the religious beliefs of the company's owners. As in this case, the plaintiffs in *Weingartz* and *Autocam* do not qualify for any type of religious or other exemption from the Mandate.  As such, the Court finds *Weingartz* and *Autocam* to be substantially similar

to this case and that the Sixth Circuit's decision in either one will likely provide guidance in the Court's decisions in this case and narrow the issues the Court must resolve.

Given this, it would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the Sixth Circuit creates shortly thereafter. The Court, therefore, will await the binding guidance of the Sixth Circuit's resolution of *Weingartz* or *Autocam*.

Last, Plaintiffs do not demonstrate any prejudice or hardship requiring the Court to deny Defendants' Motion to Stay. The status quo established through the Court's December 31, 2012, Order granting Plaintiffs' Motion for Temporary Restraining Order will remain in effect during the pendency of this case. *See* Dkt. 39 at 20. And, as noted, waiting for additional guidance from the Sixth Circuit promotes judicial economy and efficiency. Therefore, staying this case does not create an undue hardship on Plaintiffs.

Accordingly, IT IS HEREBY ORDERED that Defendants' Motion to Stay Proceedings [dkt 43] is GRANTED.

IT IS FURTHER ORDERED that this proceeding is stayed pending the Sixth Circuit's decision in *Autocam* or *Weingartz*, after which this proceeding shall resume upon motion by either party.

IT IS SO ORDERED.

                                                                                     s/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 26, 2013